BENJAMIN SEELEY *vs.* EPHRAIM W. BISBEE.

RUTLAND,
*February*,
1829.

That the indorser of a note waives the notice to which he is entitled, by promising payment, when notice of non-payment is given him at an earlier hour of the day, than the law requires.

The plaintiff declared against the said *Bisbee*, as indorser of a note given him by one *Eli Manley*, dated the 26th of April, 1824, for $200, with interest, payable on the first day of October (then) next, in good neat cattle, or in grain, the 31st day of December, following; and alleging a demand on said days of payment, and notice of non-payment on the 1st of January, being the day next following said last day of payment. There was, also, a general count for $200, for so much money lent by the plaintiff to the defendant. The *general issue* was pleaded.

There was a jury trial, in the County Court, and the following bill of exceptions were allowed.

" On the trial of this case, the plaintiff gave in evidence the note declared on, and also evidence tending to prove that, on the first day of October, 1825, he demanded, at *Chittenden*, of the said *Manley*, the maker of the note, the cattle which were due that day, and that none were turned out in payment of the note. The plaintiff further gave evidence tending to prove, that, on the last day of December, 1825, when the grain would be due, he called at the store of *Mr. Simonds*, in *Pittsford*, where the grain was to be delivered, in the forenoon of the day, and that none was there delivered on the said note, and that he immediately went to *Rutland*, the residence of the defendant, and, in the afternoon of the same last day of December, gave him notice that the grain was not delivered; when the defendant promised the plaintiff, that he would go to *Whiting*, the (then) residence of the plaintiff, in the course of a week, and settle the demand with him ; and desired plaintiff not to sue him. No other evidence was given of any demand of

RUTLAND,
February,
1829.

Seeley
vs.
Bisbee.

Manley, or of any other notice given to the defendant, the endorser.

The plaintiff then gave in evidence a certain writing, executed by the defendant to Manley, on the 26th April, 1824, suspending the payment of one hundred dollars, the one half of said note, for one year, accompanied with evidence, tending to prove, that it was then agreed, by the parties, Bisbee and Manley, that the remaining one hundred dollars should be paid by the said Manley's boarding, and taking care of, the father and mother of the said Bisbee; and, that the said Manley thereupon removed the said Bisbee's parents to his dwelling house, and kept them till the sum of forty five dollars was thereby paid; and that Bisbee, without the consent of Manley, took them away. The evidence of this agreement, as well as the writing aforesaid, were objected to by the defendant, and admitted by the Court.

The counsel for the defendant, then insisted, and requested the Court to charge the jury, that evidence of the notice to Bisbee was not sufficient to charge him as indorser, or prove the plaintiff's declaration; and that the evidence, so admitted, of the writing and agreement, was not sufficient in law to excuse the plaintiff from giving notice to the defendant, and that, if they were so considered, the facts so proved as aforesaid, together with the said agreement, would not support the declaration of the plaintiff.

The Court thereupon declared and gave their opinion to the jury, that the said writing, and the facts proved as aforesaid, were sufficient to excuse the plaintiff from giving notice to the defendant of the non-payment of the note, and that they would support and prove the plaintiff's declaration, and thereupon directed a verdict for the plaintiff; there being no dispute, but that the facts stated were proved."

The case now came before this Court on a motion for a new trial founded on these exceptions.

*Mr. Williams, in support of the motion.*—It is contended for the defendant, in this case, that, to charge him, as indorser, it was necessary for the plaintiff to demand the payment of the note of Manley, the maker, and give him notice : Manley has until the setting of the sun, on the last day of December, 1825, to make payment. The proper notice was not given, in the present case. 13 Mass. 556.—12 Johnson, 424, Griffith vs. Goff.

A subsequent promise to pay, with a full knowledge of all the facts, is a waiver of such notice; but the promise must be explicit. 5 Johnson, 375, Miller vs. Hackley.—16 Johnson, 152. But, it is contended, that a promise, before the endorser becomes chargeable, cannot have this effect.

It is further contended, that the promise to pay proved, in this case, was without consideration.

It is, also, contended, that it was not competent for the plaintiff to give this evidence under this declaration. 1 *Swift*, 723.

The only reason why a subsequent promise may be given in evidence is, because it admits demand and notice. 7 *East's Rep.* 236, *Lundie* vs. *Robertson.*

*Hodges, contra.*—The plaintiff contends, that the decisions of the Court below were strictly correct, for the following reasons :

The defendant has placed himself in the situation of a drawer of a bill of exchange, without funds in the hands of the drawee, and thus deprived himself of the right to insist on a legal demand and notice. He has, by a written agreement, postponed the payment of one moiety of the note, and under a parol contract with the maker, discharged the other. As to the right of such a drawer to demand and notice, see *Staples* vs. *Okines*, 1 *Esp. N. P. C.* 332, *in note, and cases cited.*—*Corney* vs. *Da Costa, id.* 302.—*Legge* vs. *Thorpe,* 12 *East,* 171.

A note, unlike most other written contracts, ought not to be expected to contain all the parts of the agreement, of which it forms only the consideration. It is, in fact, usually esteemed as so much money paid ; and parol evidence of the further terms is admissible. *Jeffrey* vs. *Walton,* 1 *Stark. Cas.* 267.—*Ingram* vs. *Lea,* 1 *Camp. N. P. C.* 251.—*Russell* vs. *Dunkley,* 6 *Moore,* 283.—3 *Stark. Ev.* 1049, *note.*

Besides, this parol evidence tends neither to vary nor contradict the written contract; but only to prove a further separate and distinct contract, which, if fulfilled, would apply in satisfaction of a moiety of the note. The execution of this contract was entered upon ; its full performance was prevented solely by the wrong act of the defendant; and his subsequent promise, to "come and settle," is such an acknowledgment of its validity, as precludes him from denying this part satisfaction of the note. *Sanders* vs. *Howe,* 1 *D. Chip.* 363.—*Miner* vs. *Robinson, id.* 392.—*White* vs. *Ward et al.* 9 *Johns. Rep.* 232.

Admit, however, that this parol contract is not available at common law ; yet, the maker of the note, having entered upon the execution of that contract, with the assent of the defendant, and nearly half performed it, acquired an undoubted right, in equity, to enforce the whole contract, in part satisfaction of the note. A Court of Equity would relieve him on the same ground, that it would decree the specific performance of a contract, in part executed, but otherwise void by the Statute of Frauds. The ma-

RUTLAND, *February,* 1829.

Seeley *vs.* Bisbee.

RUTLAND,
*February*,
1829.

Seeley
*vs.*
Bisbee.

ker had, then, under our Statutes, a complete defence to a present action by the endorsee. And, as this arose from the fraudulent conduct of the defendant, he was not entitled to legal notice. *Revised Laws, p.* 144.—*Conroy* vs. *Warren,* 3 *Johnson,* 259. —*(*1 *N. Y. Dig.* 146.*)*

Furthermore, the whole conduct of the defendant has been such a fraud upon the endorsee, as takes the case entirely out of the *Law Merchant.* He ought not to be allowed to compel the endorsee to pursue the maker for a part of the note, and himself for the remainder. He has, moreover, interfered between the endorsee and the maker, and induced the latter to fail in the execution of his contract. He stands then as the guarantor of the note, without the right to require a legal demand and notice. *Copp* vs. *McDugall,* 9 *Mass. Rep.* 1.—*Marsh* vs. *Babcock,* 2 *D. Chip.* 124.

We also contend, that the decision of the Court was perfectly justified by the evidence 'of the promise made by the defendant, that he would come up, the next week, and settle." The force of this promise is determined by the finding of the jury. Had it been a subsequent promise, no doubt could have existed, that it would have amounted to a waiver of demand and notice. No reason can be given for attributing this force to a subsequent promise, which does not apply to a promise made in the course of the transaction, and even with more force, since it discharges the holder from the further prosecution of the maker ; and, in this case, with a full knowledge that a legal demand not only had not been, but cauld not then be legally, made. It would be, sanctioning the grossest fraud if the endorser be allowed thus to throw the endorsee off his guard, and take advantage of the fancied security which he had occasioned. *Lundie* vs. *Robertson,* 7 *East.* 231.—*Porter* vs. *Rayworth,* 13 *do.* 417.—*Wood* vs. *Brown,* 1 *Stark. Cas.* 217.—*Piersons* vs. *Hooker,* 3 *Johns. Rep.* 68.— *Durgee* vs. *Dennison,* 5 *id.* 248.—*Horford* vs. *Wilson,* 1 *Taunt.* 12.—*Leffingwell* vs. *White,* 1 *Johns. Cas.* 99. *(*1 *N. Y. Dig.* 143.*)* That this promise was a waiver, see 2 *Conn. Rep.* 136, *Hotchkiss* vs. *Downs.*

Moreover, the promise, when connected with the other evidence, brings this clearly within the range of those cases, where it has been held sufficient to give notice immediately on a refusal to pay, without waiting for the last moment of demanding. The defendant well knew the note would not be paid. He had effectually prevented that. And his promise fully amounts to an acknowledgement, that there had been a legal demand, a refusal to pay, and a regular notice. It was as much a waiver of those requisites,

RUTLAND,
February,
1829.

Seeley
vs.
Bisbee.

as a subsequent promise in other circumstances. *Burbridge* vs. *Manners*, 3 *Camp. N. P. C.* 193.—*Bussard* vs. *Levering*, 6 *Wheat.* 102.

We would further urge, that our Courts have been more liberal, in their construction of the rights of parties under these contracts, than under those which come more strictly within the *Law Merchant.* And, the question of demand and notice being a mixed question of law and fact, the decision of a jury upon it will not be disturbed without much hesitation. *Taylor* vs. *Bryden*, 8 *Johns. Rep.* 173.—*Note to* 6 *East*, 14.—*Nash* vs. *Harrington*, 1 *Aik.* 39.

As to the form of the action, no doubt can exist as to its propriety, if the recovery is grounded upon the evidence of the promise. We also imagine, that it will be found, that this form has been maintained where the waiver of demand and notice was presumed from the want of funds in the hands of the drawee. *Lundie* vs. *Robertson, Porter* vs. *Rayworth, and Copp* vs. *McDugall*, above cited, *Rogers* vs. *Stevens*, 2 *T. R.* 713—*Gale* vs. *Walsh*, 5 *id.* 239.—*Boulager* vs. *Talleyrand*, 2 *Esp. N. P. C.* 550.

Finally, the Court will not grant a new trial upon a mere technical exception, where justice has been done by the verdict. *Smith* vs. *Page*, 2 *Salk.* 644.—*Godlin* vs. *Wilcock*, 2 *Wils.* 306.—*Horford* vs. *Wilson*, above cited.—*Barney* vs. *Goff and Cady*, 1 *D. Chip.* 304.—*Ross* vs. *Bank of Burlington*, 1 *Aik.* 43.

HUTCHINSON, J. stated the substance of the case, and pronounced the opinion of the Court.

The demand, made in this case, was made in the forenoon of the last day of payment, and notice given back to the defendant, the endorser, in the afternoon of the same day. Probably the notice back was given before the time of payment had elapsed. For perfect regularity, the demand ought to have been made but just previous to the setting of the sun, and, as these parties lived, notice back, that evening or the next day. It appears, however, by the exceptions, that, when the plaintiff gave the defendant notice that he had been to the place of payment, in the forenoon of the same day, and no grain was there ready for him, the defendant requested the plaintiff not to sue him, and promised to come the next week and settle ; which must mean, pay the note. The defendant objects that this promise was without consideration ; and that it does not prove the declaration. This promise cannot be said to be without consideration, when the defendant was endors-

Rutland,
February,
1829.

Seeley
vs.
Bisbee.

er of a note, and was informed of that which convinced him, that the note would not be paid by the signer : especially if we con-sider also, the previous agreements of the defendant and maker, by which the defendant must have known, when he endorsed the note, that it would come back unpaid. But this promise needs no consideration for its use on this trial. It is not declared upon, nor relied upon, as a substantive cause of action, but only brought in to affect the question of demand and notice. In that view, it was proper testimony upon this declaration. There has been some discussion, in the Courts in *New-York*, as I perceive in *Anthon's Nisi Prius*, about the variance, when the declaration alleges a demand and notice in the usual form, and the proof is, a fruitless search to make a demand and give notice: but, if I rightly recollect, there has been no decision that it was a variance. But this case is more free from objection than that; for here was a demand, and notice back. The question arises upon the sufficiency of this demand and notice. This promise, under all its circumstan-ces, was more than a waiver of further demand and notice. It was calculated to prevent the same, for, the plaintiff might well rest satisfied, after this promise from the defendant.

But there is something more in this case. A writing is intro-duced made cotemporaneously with the note, and intended to sus-pend the payment of half the note for a year from the time it would become payable by the terms of the note. This was ob-jected to, but correctly admitted. The contracts made together upon the same subject are to be construed together as one in-strument. So the agreement to receive the pay, in maintaining the defendant's parents, was correctly admitted. And so far as paid in that way, must affect the note as fully as if the same had been paid to the defendant in money, before the maker had notice of the assignment. All these matters brought together show the defendant entitled to no notice. Our statute makes the note in the hands of the plaintiff, as indorsee, subject to all the equities, that existed in favor of the signer, and against the payee, before notice of the assignment. It was a fraud upon the plaintiff for the defendant to sell him the note so shackled by his contracts that did not appear upon the note. These make the defendant stand as a drawer of a bill of exchange, without funds in the hands of the drawee. The agreement to give further day of payment was not absolute ; but it was to be granted if the signer found it inconvenient to pay at the day set in the note, and when the plaintiff told him no grain was at the place of payment, he must have known the maker might, and would, rely upon his agreement for further pay-day. He did well, under these circumstances, not to

put the plaintiff to the trouble of any further demand and notice, but promise to pay as he was already holden to pay.

The judgment of the county court is affirmed, with additional interest and cost, pursuant to the statute.

*Royce* and *Hodges* for the plaintiff.

*Williams,* for the defendant.